IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER DESCHAMP, on behalf of herself and others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> PROFICIO MORTGAGE VENTURES, LLC, <br> AVATAR TECHNOLOGIES PHL, <br> SALES TECHNLOGIES, LLC <br> GEORGE KALTNER, <br>     Defendants. | ) <br> ) 4:13-cv-1054-JAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) |

## [PROPOSED] AMENDED COMPLAINT - CLASS ACTION

1.      The Telephone Consumer Protection Act ("TCPA") prohibits telemarketing calls made using any "artificial or prerecorded voice," so-called "robocalls," to residential line telephones. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(2). The Missouri Telemarketing No-Call List statute, Mo.Stat. §§ 407.1107.3; 407.1104.1; and 407.1104 prohibits calling Missouri consumers for telemarketing purpose without initially disclosing the caller, manipulating caller identification manipulation on telemarketing calls and calling any number that is on the No-Call list, for telemarketing calls.

2.      Defendants called plaintiff twice for marketing purposes, and played an artificial or prerecorded voice during each of those calls. Neither call properly identified the defendants, both manipulated the caller ID, and plaintiff has been on the Missouri No-Call List since 2006.

3.      These calls were part of a telemarketing campaign orchestrated by Proficio, whereby it hired its co-defendant telemarketers to make cold-call solicitations to more than 400,000 to potential customers on its behalf.

4. During the first call to Ms. Deschamp, after a series of prerecorded messages that asked plaintiff questions about her interest in buying mortgage products, plaintiff spoke with a Proficio loan officer and asked that Proficio not call her anymore. After that call she added her residential telephone to the National Do Not Call Registry. Plaintiff has been on the Missouri Telemarketing No-Call List since 2006.

5. Proficio then called again a few days later to again try to sell plaintiff its products and/or services. It played the same prerecorded messages during this call. However, no loan agent came onto the line during this call. After the prerecorded messages plaintiff waited for a few moments, and then the caller terminated the call.

6. Proficio did not have plaintiff's prior express consent for these calls, and there was no existing business relationship between Proficio and plaintiff.

7. Plaintiff seeks damages for herself and a class of others whose residential telephones Proficio or some person on its behalf called to make an unsolicited marketing pitch using an artificial or prerecorded voice. Plaintiff also seeks a permanent injunction prohibiting such violations in the future.

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012). The Court has supplemental jurisdiction over the state law claims, because they are based upon the same calls as the federal claims.

2. This Court also has original federal subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C.

1332(d)(2).  The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to $2,500.00 in statutory damages for each call that has violated the Missouri No-Call List. Defendant George Kaltner is a citizen of the State of New York.

3. Venue is proper because a substantial part of the events or omissions giving rise to the claims in this case occurred within this District.  28 U.S.C. §1391(b)(2). Plaintiff lives in this District, and Proficio was attempting to sell plaintiff products and/or services relating to real estate located in this District.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. Proficio Mortgage Ventures, LLC is a national mortgage lender with its headquarters in Orlando, Florida. It does business in this District. Its registered agent in Missouri is National Registered Agents, Inc., 120 S. Central Ave., Clayton, MO 63105. Proficio operates as a mortgage lender for dozens of real estate properties located in this District.

6. Defendant George Kaltner is an individual that owns and/or operates telemarketing companies, including defendants Sales Technologies, LLC and Avatar Technologies PHL. Kaltner does so either from his home in Scarsdale, New York, from offices in the New York City area, such as on Staten Island, and from the Philippines.

## FACTS

7. The TCPA prohibits the use of any "artificial or prerecorded voice to deliver a message" during telemarketing calls to residential line telephones. 47 U.S.C. §227(b)(1)(B).

8.   On May 23, 2013, at approximately 1:46pm, plaintiff received a telephone call on her residential line. This call was made by or on behalf of defendant Proficio Mortgage. The caller ID for the call had been manipulated to indicate that the call was something other than a telemarketing call: "SRVC CALL 1-602-753-9916."

9.   Plaintiff's toddler was taking a nap at the time of the call, and plaintiff had to sprint to answer the phone in order to prevent the child from waking up. Plaintiff was working at the time, and the call disturbed her work time, too.

10.   Sales Technologies, LLC made this call, at the direction of Kaltner and at the specific request of Proficio.

11.   Plaintiff answered the call, and heard a series of messages played on the other end of the line, which did not identify any of the defendants. The messages were designed to probe plaintiff's interest in saving money on her mortgage.

12.   It was apparent to plaintiff that there was no live person speaking to her from the other end of the line at the beginning of the call; only messages that had been recorded ahead of time were played. No defendant was identified at the beginning of the call.

13.   Defendant Avatar Technologies was employed to play these prerecorded messages, through Kaltner, and at the specific request of Proficio.

14.   After a few moments, and after answering a series of prerecorded questions, the call was transferred to a live person at Proficio Mortgage: Austian Carter, a senior loan officer. Plaintiff asked to be removed from Proficio's call list.

15. Plaintiff indicated that if Mr. Carter wanted to contact her in the future, he should send her something in the mail. Plaintiff then again requested that she be removed from the call list.

16. A few minutes later, at approximately 1:51 pm, Mr. Carter sent plaintiff the following email:

>  **From: Austian Carter <ACarter@proficiomortgage.com>**
>  **Date: May 23, 2013, 1:51:58 PM CDT**
>  **To: [plaintiff's email address redacted]**
>  **Subject: Proficio Mortgage Ventures LLC**
>  **Hey Jennifer,**
>
>  **Here's is all my info, give me a call.**
>
>  **Austian Carter**
>  **Senior Loan Officer**
>  **Proficio Mortgage Ventures, LLC**
>  **a wholly owned subsidiary of Proficio Bank**
>  **1055 E. Tropicana Ave. Suite 800**
>  **Las Vegas, NV 89119**
>  **(866) 592-1414 Ext. 306**
>  **(917) xxx-2436 (cell)**
>  **(800) xxx-2050 (fax)**
>  **ACarter@proficiomortgage.com**
>  **NMLS # 1027169**

17. Plaintiff received another call on May 29, 2013, at 3:17pm.

18. The caller ID for the second call said "NOT IN USE 1-972-502-9862."

19. Plaintiff answered this call, and heard the call played the same or nearly the same prerecorded messages as the May 23rd call, asking about her interest in mortgage products and services.

20. Plaintiff answered the prerecorded questions at the prompts. However, instead of being transferred to a live operator during the call, the call was prematurely terminated by the caller.

21. Upon information and belief, the caller terminated the call because no live operator was available to speak with plaintiff. In other words, the call was "abandoned." Call abandonment is regulated by the TCPA, 47 CFR § 64.1200(a)(6), and is a primary reason for the TCPA's prohibitions against use of prerecorded messages.

22. Plaintiff and the class have no means of escape from these calls, other than to file suit. Requests to live telemarketers that the calls cease are ineffective, and the calls (at least sometimes) result in an automatic hang-up. Indeed, Kaltner and Sales Technologies were previously sued by the Missouri Attorney General, and as part of a settlement, they agreed never to violate the TCPA or the Missouri Telemarketing No-Call List Law again.

23. Upon information and belief, the calls to plaintiff were made by Proficio Mortgage Ventures, LLC. Alternatively, they were placed by a third party (such as a lead generation or telemarketing specialist) on behalf of and at the direction and control of Proficio Mortgage Ventures, LLC.

## **COUNT I – TCPA**

24. Plaintiff incorporates all previous paragraphs of this complaint.

25. Defendant violated the TCPA, 47 U.S.C. §227(b) by calling plaintiff and the class members' residential telephone lines for telemarketing purposes, because it played an artificial or prerecorded voice message.

26. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system.

27. The defendant's calls were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1). Proficio knew or should have known that such messages violated the TCPA.

28. Plaintiff did not provided prior express consent for Proficio to make the calls that are the subject of this case. Plaintiff did not engage in any transaction with defendant in the 18 months preceding the calls that are the subject of this case, and did not inquire about the possibility of a transaction with defendant within the three months preceding the calls. In any event, any consent or established business relationship was terminated during the first call, when plaintiff asked not to be contacted by phone.

## Class Allegations

29. Plaintiff brings Count I on behalf of a class and a subclass, which consist of:

All persons nationwide who defendant or some person on its behalf called on their residential phone and played an artificial or prerecorded voice message, where the recipient of the call did not give defendant the phone number called for purposes such calls, where any call was made on or after a date four years prior to the filing of this case.

Excluded from the class are any persons who had a prior or existing relationship formed by a voluntary two-way communication between the recipient and Proficio, with or without consideration, on the basis of the call recipient's (1) purchase or transaction with Proficio within the eighteen months immediately preceding the date of the telephone call, or (2) inquiry or application regarding products or services offered by Proficio within the three months immediately preceding the call, which relationship had not been previously terminated by either party. See 47 C.F.R. § 64.1200(f)(4).

30. The subclass consists of persons who asked that they receive no more calls, but were called anyway.

31. Plaintiff is a member of the class and the subclass.

32. The class is sufficiently numerous to make joinder impracticable. The only use for automatic or prerecorded voice messages is to make a high volume of telephone calls in a short period of time.

33. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an "an artificial or prerecorded voice to deliver a message" term us defined in the TCPA and applicable FCC regulations and orders; and

   b. Damages, including whether the violations were willful.

34. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

35. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

36. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

37. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

38. The identity of the class is likely readily identifiable from defendant's records.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against defendant that provides the following relief:

   a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing;

   b. A permanent injunction prohibiting defendant, and each of them, from violating the TCPA, 47 U.S.C. §227(b)(1)(B) in the future;

   c. A declaration that defendants, and each of them, violated the TCPA, 47 U.S.C. §227(b)(1)(B), in calling plaintiff and the class using a prerecorded voice for telemarketing purposes; and

   d. Any other relief the Court finds just and proper.

## **COUNT II – Missouri Telemarketing No-Call List**

40. Plaintiff incorporates all previous paragraphs of this complaint.

41. Defendants violated the Missouri No-Call List rules through the conduct alleged above, including the following sections.

   a. In calling plaintiff and other class members who were registered with the Missouri No-Call List Database, defendants violated Mo.Stat. 407.1098. Because there were two such violations in a year, a private right of action attached for both calls, when defendants made the second call. Mo.Stat § 407.1107.3.

   b. In intentionally using methods to block or otherwise circumvent call receipients' caller identification, such as "SRVC CALL" or "NOT IN USE" defendants violated Mo.Stat. § 407.1104.2. Because there were two such violations in a year, a private right of action attached for both calls when defendants made second call. Mo.Stat § 407.1107.3.

   c. In failing to identify the person or entity initiating the solicitations at the beginning of the solicitations to plaintiff and the class, defendants violated Mo.Stat. 407.1104.1. Because there were two such violations in a year, a private right of action attached for both calls when defendants made the second call. Mo.Stat § 407.1107.3.

42. Defendants acted together toward the common goal of violating these statutes.

43. The violations alleged herein were negligent, willful and knowing.

44. Plaintiff and the class are entitled to have their rights, status and legal relations under the Missouri No-Call List determined.

45. None of the defenses in Mo.Stat. § 407.1107.4 or Mo.Stat. §407.1095(3) are available to defendants.

46. Defendants did not have reasonable practices or procedures to effectively prevent the violations alleged herein.

47. Neither plaintiff nor the class provided prior express invitation or permission for these calls.

48. Plaintiff has been on the Missouri No-Call List since 2006.

49. Proficio obtained the list of phone numbers it provided to the other defendants specifically so that it would avoid calling persons that had prior dealings with Proficio. By the very nature of the list, none of the persons called had a business contact within the past 180 days of the calls, and no person had a current business or personal relationship with any defendant.

## Class Allegations

50. Plaintiff brings Count II on behalf of a class which consists of:

All Missouri residential and cell phone telephone subscribers that were on the Missouri No-Call List, when Proficio or some person on its behalf called them twice in any twelve month period, where at least one such call was placed within two years of the filing of this complaint, where any of the following three conditions are met:

   a. Neither Proficio, Avatar nor Sales Technology was identified in the beginning of the call; or

   b. The caller identification was manipulated.

51. Plaintiff is a member of the class.

52. The class is sufficiently numerous to make joinder impracticable. The only use for automatic or prerecorded voice messages is to make a high volume of telephone calls in a short period of time.

53. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to: Whether the messages adequately identified the caller, whether the Caller ID was improperly blocked and damages, including whether defendants' conduct was knowing.

54. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

55. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

56. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

57. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions

by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

58. The identity of the class is likely readily identifiable from defendant's records.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against defendant that provides the following relief:

a. Statutory damages of $5,000 for each violation proven to be knowing;

b. A permanent injunction prohibiting defendants, and each of them, from violating the Missouri Telemarketing No-Call List, Mo.Stat. §§ 407.1107.3; 407.1104.1; and 407.1104.2 in the future;

c. A declaration that defendants, and each of them, violated the Missouri Telemarketing No-Call List laws, Mo.Stat. §§ 407.1107.3; 407.1104.1; and 407.1104.2; and

d. Any other relief the Court finds just and proper.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288

(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Robert T. Healey

**HEALEY LAW, LLC**

640 Cepi, Suite A
Chesterfield, MO 63005
Direct:  (636) 536-5175
Fax: (636) 590-2882
Email:  bob@healeylawllc.com
www.healeylawllc.com

## JURY DEMAND

Plaintiff demands trial by jury.

<u>Alexander H. Bure</u>

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Robert T. Healey

**HEALEY LAW, LLC**

640 Cepi, Suite A
Chesterfield, MO 63005
Direct:  (636) 536-5175
Fax: (636) 590-2882
Email:  bob@healeylawllc.com
www.healeylawllc.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other

tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>Robert T. Healey</u>